**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL DAVITT, | 3:06-cv-00502-HDM(RAM) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | **OF U.S. MAGISTRATE JUDGE** |
| DR. CENTRIC, M.D., et al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Howard D. McKibben, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Defendants' Motion for Summary Judgment. (Doc. #56.)[1] Plaintiff has opposed (Doc. #59), and Defendants have replied (Doc. #62). After a thorough review, the Court recommends that Plaintiff's claim be dismissed without prejudice.

**I. BACKGROUND**

At all relevant times, Plaintiff Michael Davitt was in the custody of the Nevada Department of Corrections (NDOC) as an inmate at the Northern Nevada Correctional Center (NNCC) (Pl.'s Compl. 1 (Doc. #29)) and Ely State Prison (ESP) (Pl.'s Am. Compl. 1 (Doc. #37)). Plaintiff, a *pro se* prisoner, brings this action pursuant to 42 U.S.C. § 1983. Defendants are all NDOC psychiatrists. (Pl.'s Am. Compl. 2-3.) Plaintiff seeks preliminary and permanent

---

[1] Refers to court's docket number.

injunctive relief. (*Id.* at 9.)

Plaintiff's only cause of action challenges the conditions of his confinement. (Pl.'s Am. Compl. 3-4.) Plaintiff claims that Defendants violated his rights secured by the Eighth Amendment by failing to provide him proper mental-health treatment. (*Id.* at 4.) In particular, Plaintiff alleges that Defendants repeatedly discharged him from direct observation while Plaintiff was still suicidal. (*Id.*)

Defendants move for summary judgment because Plaintiff has failed to exhaust the available administrative remedies prior to filing suit. (Defs.' Mot. for Summ. J. 7-8 (Doc. #56).)

## II. ADMINISTRATIVE EXHAUSTION

**A.   LEGAL STANDARD**

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust his administrative remedies irrespective of the forms of relief sought and offered through administrative avenues. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The Supreme Court recently clarified that exhaustion cannot be satisfied by filing an untimely or otherwise procedurally infirm grievance, but rather, the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). "Proper exhaustion" refers to "using all steps the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).

This court has interpreted Justice Alito's majority opinion in *Woodford* as setting forth two tests for "proper exhaustion": (1) the "merits test," satisfied when a plaintiff's grievance is fully addressed on the merits by the administrative agency and appealed through all the agency's levels, and (2) the "compliance test," satisfied when a plaintiff complies with all critical procedural rules and deadlines. *Jones v. Stewart*, 457 F. Supp. 2d 1131, 1134 (D. Nev. 2006).

"A finding that a plaintiff has met either test is sufficient for a finding of 'proper exhaustion'. Defendants must show that Plaintiff failed to meet both the merits and compliance tests to succeed in a motion to dismiss for failure to exhaust administrative remedies." *Id.*

The failure to exhaust administrative remedies is treated as a matter in abatement and is properly raised in an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.2003), *cert. denied*, 540 U.S. 810 (2003). Failure to exhaust administrative remedies is an affirmative defense, and defendants bear the burden of raising and proving failure to exhaust. *Id.* A court, in deciding a motion to dismiss based on exhaustion, may look beyond the pleadings and decide disputed issues of fact without converting the motion into one for summary judgment. *Id.* (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)). If a court concludes that the prisoner bringing a suit has failed to exhaust nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120.

For prisoners within the NDOC system, exhaustion of administrative remedies requires compliance with the Inmate Grievance Procedure set forth in NDOC Administrative Regulation 740 (AR 740). The administrative process consists of: (1) an Informal Level grievance that is reviewed and responded to by an inmate caseworker; (2) a First Level formal written grievance appealing the informal grievance decision to the warden at the institution where the inmate is housed; and (3) a Second Level grievance appealing the First Level grievance decision, which is decided by the Assistant Director of Operations. AR 740 (officially published at http://www.doc.nv.gov/ar/pdf/AR740.pdf)(Last accessed May 24, 2010). If an inmate disagrees with the response to any grievance, he may appeal the grievance to the next available level within the prescribed deadlines. (*Id.*)

**B.    DISCUSSION**

Defendants argue that Plaintiff failed to exhaust his administrative remedies prior to filing suit. (Defs.' Mot. for Summ. J. 7-8.)  Defendants assert that Plaintiff concedes that he has not exhausted his administrative remedies, warranting dismissal.  (Defs.' Reply 2 (Doc.

3

1  #62).)

2  Under AR 740.03, issues relating to the conditions of institutional life shall first be exhausted through the Inmate Grievance Procedure. (officially published at http://www.doc.nv.gov/ar/pdf/AR740.pdf)(Last accessed May 24, 2010).  Also, under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until* such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a)(emphasis added).  Plaintiff's claim relates to the conditions of his confinement and, thus, is an issue to be resolved by the grievance process before commencing an action in federal court.

A prisoner's failure to exhaust may be excused if he can demonstrate that the grievance process is unavailable to him because: (1) administrative procedures are unavailable (for example, if he is unable to obtain the requisite forms or if his injuries prevent him from submitting the forms in a timely manner); (2) prison officials obstructed his attempt to exhaust; or (3) prison officials failed to follow procedures for processing grievances. *Marella v. Terhune*, 562 F.3d 983, 985 (9th Cir. 2009), *amended by*, 568 F.3d 1024 (9th Cir. 2009); *see Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008).

Plaintiff contends that special circumstances exist that should excuse his failure to exhaust administrative remedies before filing the instant action. (Pl.'s Opp'n 2 (Doc. #59).) Specifically, Plaintiff asserts that he was unable to exhaust his administrative grievances, "due to plaintiff not having access to a pen or pencil in order to exhaust the prison grievance procedures." (*Id.* at 1-2.)  Plaintiff further states that "[t]he said policy is pursuant to NDOC administrative regulations and prison OP and IPs." (*Id.* at 1-3.)  Plaintiff's affidavit fails to specify which NDOC administrative regulations or "prison OPs and IPs" prevented him from accessing a pen or pencil to exhaust his prison grievance procedures. (*Id.* at 4.)

Plaintiff's claim of special circumstances, purportedly exempting him from the need to exhaust the grievance process, fails for three reasons.  First, while Plaintiff seems to argue that

4

1 he could not obtain a writing instrument while housed in a mental health unit, on suicide
2 watch, he does not explain why he could not file a grievance after he was released from the
3 Mental Health Unit. (Defs.' Reply 3.)  Plaintiff further admits in his deposition that he failed
4 to exhaust his administrative grievance because "the time to do so expired," which he estimated
5 to be "five days from the date of the incident pursuant to DOC regulations."  (Defs.' Mot. for
6 Summ. J., Dep. of Michael Davitt at 33.)  The "incident" in question is Plaintiff's release from
7 a mental health unit.  As such, if Plaintiff were released from a mental health unit prematurely,
8 that is when his cause of action accrued, not while he was on suicide watch. (Defs.' Reply 3.)
9 Thus, in the absence of any claims that he was unable to initiate a grievance after release,
10 Plaintiff admits that he had some time after the incident to exhaust his administrative
11 grievances, but, he failed to do so.  Under these circumstances, Plaintiff is not excused from
12 exhausting his administrative remedies. *See Wilson v. IDOC*, 2009 WL 2169241, at *3, 2009
13 U.S. Dist. LEXIS 62389, at *6-8 (D. Idaho, 2009).

14  Second, even if Plaintiff did not have access to a writing instrument, his time to file his
15 grievance would not begin to run until he obtained a writing instrument.  According to prison
16 grievance rule AR 740.05 § 4(C), "[w]hen a grievance cannot be filed because of circumstances
17 beyond the inmate's control, the time will begin to start from the date in which such
18 circumstances cease to exist."  AR 740.05 § 4(C) (officially published at
19 http://www.doc.nv.gov/ar/pdf/AR740.pdf)(Last accessed May 24, 2010). Therefore, Plaintiff's
20 time frame to file a grievance would not have started to run until after he was able to obtain a
21 writing instrument.

22  Third, Plaintiff has historically filed at least three hundred (300) grievances and admits
23 that he is familiar with the timing required to file grievances.  (Defs.' Mot. for Summ. J. Dep.
24 of Michael Davitt at 32.)  Plaintiff admits that he failed to timely file grievances for the claims
25 in his complaint.  *Id.*

26  Due to the three aforementioned reasons, Plaintiff fails to show that special
27 circumstances exist excusing his failure to  exhaust administrative remedies.  Therefore,
28

5

Plaintiff is not excused from the proper grievance process. Therefore, Plaintiff failed to exhaust administrative remedies prior to filing suit.

## C. APPROPRIATE DISPOSITION

Defendants assert that summary judgment is appropriate because of Plaintiff's failure to exhaust administrative remedies. (Defs.' Mot. for Summ. J. 8.) While Defendants have shown that Plaintiff failed to exhaust administrative remedies, the proper means of dismissal is not through a motion for summary judgment. It is established practice within the Ninth Circuit that failure to exhaust nonjudicial remedies is a matter in abatement, "not going to the merits of the claim, and as such is not properly raised in a motion for summary judgment." *Ritza v. Int'l Longshoremen's and Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988)(per curiam). "Failure to exhaust nonjudicial remedies should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Id.* at 368-69. Thus, it is proper to treat a Defendant's motion for summary judgment as a motion to dismiss and subsequently dismiss the case without prejudice. *Boren v. Bocca*, 2010 WL 582563, at *8, 2009 U.S. Dist. LEXIS 124937, at *20-22 (D.Nev. 2010). Here, the court construes Defendants' motion for summary judgment as a motion to dismiss. Therefore, the court recommends dismissal of Plaintiff's claim without prejudice.

## III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DISMISSING** Plaintiff's claim without prejudice.

**IT IS FURTHER RECOMMENDED** that the District Judge enter an Order **DENYING AS MOOT** Plaintiff's Motion to Amend/Correct Complaint (Doc. #63).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate

1 | Judge's Report and Recommendation" and should be accompanied by points and authorities
2 | for consideration by the District Court.
3 |     2.    That this Report and Recommendation is not an appealable order and that any
4 | notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the
5 | District Court's judgment.
6 |     DATED:  May 25, 2010.

                                      UNITED STATES MAGISTRATE JUDGE